# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDDIE DURHAM,<br><br>        Plaintiff,<br><br>     v.<br><br>MERRICK GARLAND, Attorney General of the United States of America; STEVEN DETTELBACH, Director, Bureau of Alcohol, Tobacco, Firearms and Explosives; MATTHEW PLATKIN, Attorney General of the State of New Jersey; PATRICK J. CALLAHAN, Superintendent of the New Jersey Division of State Police.<br><br>        Defendants. | Civil Action No. _____ |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**FIELDS HOWELL LLP**
Robert L. Lakind, Esquire (Atty ID 036242009)
Christopher S. Kwelty, Esquire (Atty ID 153892015)
301 South State Street, Suite N200
Newtown, PA 18940
rlakind@fieldshowell.com
Phone: (267) 214-7510
Attorneys for Eddie Durham

## LOCAL CIVIL RULE 10.1 STATEMENT

The mailing addresses of the parties to this action are:

Eddie Durham
404 Cliff Road
Sewaren, New Jersey 07077

Merrick Garland
U.S. Department of Justice
Office of the Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530

Steven Dettelbach
Bureau of Alcohol, Tobacco, Firearms and Explosives
Office of the Director
99 New York Avenue NE
Washington, DC 20226

Matthew Platkin
RJ Hughes Justice Complex
Office of the Attorney General
25 Market Street, Box 080
Trenton, New Jersey 08625

Patrick J. Callahan
Office of the Superintendent
New Jersey State Police
P.O. Box 7068
West Trenton, New Jersey 08628

Plaintiff Eddie Durham[1], by and through undersigned counsel, complains of Defendants as follows:

## INTRODUCTION

Over a decade ago, Eddie Durham pled guilty to conspiracy to commit wire fraud; a non-violent fourth-degree felony. He served an eighteen-month sentence, was released a year and a half early from his three-year probation, forfeited approximately $1,638,391.88 to the United States, and has since reformed his life. He remains a gainfully employed, peaceful and productive family man with no other meaningful criminal record.

Mr. Durham desires and intends to purchase and possess a handgun and long gun for self-defense within his own home. Indeed, Mr. Durham is one of "the People" entitled to keep and bear arms under the Second Amendment of the United States Constitution. Our Nation has no historical tradition of disarming people like him for the remainder of his life, and neither the Federal Defendants nor State Defendants can show that this is the case. Yet, he is prevented from doing so only by Defendants' active enforcement of, as well as the effect of, the unconstitutional policies complained of in this action. Thus, Mr. Durham respectfully challenges the statutes and regulations herein as violative of his Second Amendment rights.

Moreover, Mr. Durham seeks declaratory relief that his felony conviction falls under the "Business Practices Exception" of 18 § U.S.C. 921(a)(20)(A). The conspiracy for which Mr. Durham pled guilty involved the acquisition of federally-related mortgages from mortgage lenders, and included business practices regulated by the Consumer Financial Protection Bureau. As a result, the Business Practices Exception is applicable to Mr. Durham.

---

[1] Formerly known as Eddie Dukhman prior to a legally obtained name change.

3

For the reasons set forth herein and in recent Third Circuit and Supreme Court decisions, Mr. Durham deserves relief.

## THE PARTIES

1. Plaintiff Eddie Durham ("Plaintiff") is a natural person and citizen of New Jersey and of the United States who resides in Sewaren, Middlesex County, New Jersey. Plaintiff presently intends to purchase and possess a handgun and long gun for self-defense within his own home, but is prevented from doing so only by Defendants' active enforcement of, as well as the effect of, the unconstitutional policies complained of in this action.

2. Defendant Merrick Garland is sued in his capacity as the Attorney General of the United States. As Attorney General, Garland is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices, and policies complained of in this action.

3. Defendant Steven Dettelbach is sued in his capacity as the Director and Head of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"). In that capacity, Dettelbach is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices, and policies complained of in this action.

4. Defendant Matthew Platkin is sued in his capacity as the Attorney General of the State of New Jersey. As Attorney General, Platkin is responsible for executing and administering laws, customs, practices, and policies of the State of New Jersey, and is presently enforcing the laws, customs, practices, and policies complained of in this action.

5. Defendant Patrick J. Callahan is sued in his capacity as the Superintendent of the New Jersey Division of State Police. As Superintendent, subject to the oversight and supervision

of the Attorney General, Callahan exercises, delegates, and supervises all the powers and duties of the New Jersey Division of State Police, including executing and enforcing New Jersey's laws and regulations governing the possession and carrying of firearms, which are complained of in this action.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, and 2202.

7. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claim occurred, and the Plaintiff resides, in this judicial district.

## PERTINENT STATUTES AND REGUALTIONS

### *Federal Statutes and Regulations*

8. 18 U.S.C. § 922(g)(1) prohibits firearm and ammunition receipt or possession by "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." *See also* 27 C.F.R. § 478.32(a)(1).

9. 18 U.S.C. § 922(d)(1) prohibits anyone from transferring firearms or ammunition to any transferee whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." *See also* 27 C.F.R. § 478.32(a)(1). Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. *See* 18 U.S.C. § 924(a)(2).

10. 18 U.S.C. § § 921(a)(20)(A) provides that a "'crime punishable by imprisonment for a term exceeding one year' does not include . . . any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to

the regulation of business practices." *See also* 27 C.F.R. § 478.11. This exception is known as the "Business Practices Exception."

11. All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I – Over-The-Counter," administered under the Federal Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124. Question 11(c) on Form 4473 asks:

> Have you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?

12. The Federal Defendants instruct firearms dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, the Federal Defendants instruct firearm dealers to refrain from even running a background check on anyone who answers "yes" to this question, and simply to deny the transaction on the basis of that answer:

> If a prospective purchaser answered "yes" to any of the questions on the ATF Form 4473 (other than questions 9 a. and 9 1. of the 10/98 edition), you should not contact the NICS because the subject is prohibited from purchasing.

BATF Federal Firearms Licensee Newsletter, May 2001, Issue I, p. 14, available at

http://www.atf.gov/files/publications/newsletters/ffl/ffl-newsletter-2001-05.pdf (last visited

August 14, 2024).

> If the prospective purchaser answers "yes" to any of the questions [regarding eligibility to possess firearms], the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received an "proceed" or "denied" response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from

> receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.

BATF Federal Firearms Licensee Newsletter, September 1999, Issue II, p. 2, available at https://www.atf.gov/firearms/docs/newsletter/federal-firearms-licensees-newsletter-september-1999/download (last visited August 14, 2024).

13. As the foregoing paragraphs demonstrate, consideration is not given as to whether the Business Practices Exception applies to a particular person.

### *New Jersey State Statutes and Regulations*

14. N.J.S.A. 2C:58-3 regulates the purchase of firearms in the State of New Jersey.

15. Pursuant to that statute, a person cannot purchase a handgun (N.J.S.A. 2C:58-3(a)(1)) or a rifle or shotgun (N.J.S.A. 2C:58-3(b)) unless they have first secured a permit to purchase a handgun or, for shotguns and rifles, a firearms purchaser identification card.

16. N.J.S.A. 2C:58-3(c) provides, in pertinent part, that "[a] handgun purchase permit or firearms purchaser identification card shall not be issued: (1) To any person who has been convicted of: (a) any crime in this State or its felony counterpart in any other state or federal jurisdiction[.]"

17. Pursuant to N.J.S.A. 2C:58-3(b), a "Certificate of Eligibility" must be completed for the transfer and sale of a shotgun or rifle. *See* https://www.nj.gov/njsp/firearms/pdf/sp-634_20180914.pdf. To complete the mandatory Certificate of Eligibility form, a transferor or purchaser is required to select "yes" or "no" to the question of "1) Have you ever been convicted of a crime that has not been expunged or sealed?" *Id.* The Certificate of Eligibility also contains a declaration that "Questions 1-10 must be answered 'no' for the transfer of the firearm to proceed. A person who answers 'yes' to any question is not eligible to receive a firearm." *Id.*

18. As the foregoing paragraphs demonstrate, consideration is not given as to whether

7

the Business Practices Exception applies to a particular person.

## STATEMENT OF FACTS

### *Plaintiff's Background*

19. Plaintiff is a United States citizen and resident of New Jersey, and is over the age of twenty-one. Plaintiff: i) is not under indictment, ii) has never been convicted of a felony, misdemeanor crime, or disorderly persons offense involving physical violence or harm, iii) has never been convicted of a felony, misdemeanor crime, or disorderly persons offense of domestic violence, iv) has not been convicted of any crime for any offense involving the unlawful use or possession of a weapon, explosive, or destructive device, v) has not had a firearm seized pursuant to the Prevention of Domestic Violence Act of 1991 (N.J.S.A. 2C:25-17, *et seq.*), vi) is not, and is not known to be, a person named on the consolidated Terrorist Watchlist maintained by the Terrorist Screening Center administered by the Federal Bureau of Investigation, vii) is not subject to nor has violated any court order prohibiting the custody, control, ownership, purchase, possession, or receipt of a firearm or ammunition issued pursuant to the Extreme Risk Protective Order Act of 2018 (N.J.S.A. 2C:12-14, *et al.*), viii) is not subject to nor has violated a temporary or final protective order issued pursuant to the Victim's Assistance and Survivor Protection Act (N.J.S.A. 2C:12-13, *et al.*), ix) is not an unlawful user of, nor is addicted to, any controlled substance, x) is not presently voluntarily or involuntarily confined for a mental disorder, xi) does not suffer from a physical defect or disease which would make it unsafe to handle firearms, xii) has not knowingly falsified any information on any application form for a handgun purchase permit or firearms purchaser identification card, xiii) has not been discharged from the Armed Forces under dishonorable conditions, xiv) has never renounced his citizenship, xv) has never been the subject of a restraining order relating to an intimate partner, xvi) is not a threat to the physical

safety of his intimate partner or future child, xvii) is not known in the community in which he lives as someone who has engaged in acts or made statements that suggest he is likely to engage in conduct that would pose a danger or physical threat to himself or others, and xviii) is not lacking the essential character of temperament necessary to be entrusted with a firearm. *See* N.J.S.A. 2C:58-3(c) and 18 U.S.C. 922(d).

20. On May 9, 2012, Plaintiff pled guilty in this Court to one count of conspiracy to commit wire fraud contrary to 18 U.S.C. § 1343 and in violation of 18 U.S.C. § 1349 for, among other things, illegally obtaining federally-related mortgages from mortgage lenders, which included business practices regulated by the Consumer Financial Protection Bureau. Since Plaintiff's actions involved financial institutions, they were punishable by up to thirty years in prison. 18 U.S.C. § 1343 and 1349. The conspiracy allegedly occurred at various times up to and including December 2009, and was graded as a fourth-degree felony.

21. Plaintiff was sentenced to eighteen months imprisonment, which he successfully completed. He also served three years of probation and was released a year and a half early, at the recommendation of his probation officer. He also forfeited approximately $1,638,391.88 to the United States.

22. Plaintiff acknowledges that it was wrong for him to engage in the conspiracy. Since the entry of his guilty plea, he has remained peaceful and law-abiding, and has no other criminal record. He has been working as a general contractor for the past twenty years, and owns and operates a general contracting company that he founded in 2018. Plaintiff has also lived at the same address for the past sixteen years, and just had his first child with his wife of twelve years.

### *Defendants' Application and Enforcement of the Challenged Laws and the Injuries to Plaintiff*

23. Plaintiff desires and intends to purchase and possess firearms for self-defense and the defense of his growing family, in exercise of the rights afforded to him by the Second Amendment of the Constitution of the United States. Plaintiff is unable to do so, however, due to unconstitutional effect, enforcement, and application of the challenged statutes and regulations.

24. Should Plaintiff apply for a firearms purchaser identification card or a permit to purchase a handgun, he would be required to disclose his felony conviction. This disclosure would inevitably result in the rejection of any such applications due to the State Defendants' directives and mandatory enforcement or application of N.J.S.A. 2C:58-3(a)(1), 3(b) and 3(c) and the facial prohibitions of those statutes as applied to Plaintiff. Consideration of the potential application of the Business Practices Exception to Plaintiff also would not be given.

25. Thus, it is futile for Plaintiff to even attempt to apply for a permit to purchase a handgun or a firearms purchaser identification card, since any such application would inevitably be rejected.

26. Furthermore, should Plaintiff attempt to purchase a firearm, Plaintiff would be required to disclose his felony conviction on the mandatory Form 4473 and Certificate of Eligibility. This disclosure would inevitably result in a seller's refusal to sell him a firearm due to the State and Federal Defendants' respective directives and mandatory enforcements or applications of N.J.S.A. 2C:58-3(b), 27 C.F.R. § 478.32(a)(1), 27 C.F.R. § 478.124, and the facial prohibitions of those statutes as applied to Plaintiff, without consideration of the Business Practices Exception.

27. Thus, it is futile for Plaintiff to even attempt to purchase a firearm, since any such attempt would inevitably be stopped.

28. Moreover, due to his non-violent felony conviction, Plaintiff is further prohibited by the Federal Defendants from following through with his desire to obtain and possess firearms due to the Federal Defendants' enforcement of 18 U.S.C. § 922(g)(1) and failure to consider the Business Practices Exception's application to Plaintiff.

29. Plaintiff refrains from purchasing or possessing a firearm solely because he reasonably fears arrest, prosecution, incarceration, and fines under 18 U.S.C. § 922(g)(1), instigated and directed by the Federal Defendants and without consideration of the Business Practices Exception's application, should he act on his desire to obtain a firearm.

30. As a result, the challenged statutes and regulations violate the rights afforded to Plaintiff by the Second Amendment of the Constitution of the United States.

## COUNT ONE
## DECLARATORY RELIEF
### INTERPRETATION OF 18 U.S.C. § 921(a)(20)(A) AND 27 C.F.R. § 478.11 AS-APPLIED TO PLAINTIFF

31. The allegations of Paragraphs 1 through 30 are incorporated as though fully set forth herein.

32. Plaintiff's federal conviction cannot be the predicate offense for the firearms disability under 18 U.S.C. §§ 922(g)(1) or 922(d)(1) or 27 C.F.R. §§ 478.32(a)(1) or 478.124 because his conviction was for an offense relating to the regulation of business practices similar to the "Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices," and thus is excluded from 18 U.S.C. §§ 922(g)(1) and 922(d)(1) under § 921(a)(20)(A), and from 27 C.F.R. §§ 478.32(a)(1) and 478.124 under § 478.11.

33. Plaintiff is entitled to declaratory and injunctive relief that bars the Federal Defendants from enforcing 18 U.S.C. §§ 922(g)(1) and 922(d)(1) and 27 C.F.R. §§ 478.32(a)(1)

and 478.124 against him on account of his conviction for conspiracy to commit wire fraud, which involved federally-related and regulated loans and business practices, in violation of 18 U.S.C. § 1349.

### COUNT TWO
### AS-APPLIED CLAIM FOR RELIEF
### RIGHT TO KEEP AND BEAR ARMS, U.S. CONST. AMEND. II,
### AS TO THE FEDERAL DEFENDANTS

34. The allegations of Paragraphs 1 through 33 are incorporated as though fully set forth herein.

35. Plaintiff is a responsible, law-abiding American citizen. He has no history of violent behavior or any other conduct that would suggest that he would pose any more danger by possessing firearms than an average, law-abiding citizen. Plaintiff is unlikely to act in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest.

36. Plaintiff is one of "the People" entitled to keep and bear arms under the Second Amendment of the United States Constitution.

37. Our Nation does not have a historical tradition of disarming people like Plaintiff.

38. On account of Plaintiff's unique personal circumstances, including, but not limited to, the non-violent and economic nature of his felony conviction, the passage of time since the conviction, Plaintiff's generally law-abiding record over the years, his trustworthiness with firearms, and the lack of danger that his possession of firearms would pose, it is unconstitutional to apply against Plaintiff, personally, the firearms prohibitions of 18 U.S.C. §§ 922(g)(1) and 922(d)(1) and 27 C.F.R. §§ 478.32(a)(1) and 478.124 on account of the non-violent and economic nature of his felony conviction under 18 U.S.C. § 1349.

**COUNT THREE**
**AS-APPLIED CLAIM FOR RELIEF**
**RIGHT TO KEEP AND BEAR ARMS, U.S. CONST. AMEND. II,**
**AS TO THE STATE DEFENDANTS**

39. The allegations of Paragraphs 1 through 38 are incorporated as though fully set forth herein.

40. Plaintiff is a responsible, law-abiding American citizen. He has no history of violent behavior or any other conduct that would suggest that he would pose any more danger by possessing firearms than an average, law-abiding citizen. Plaintiff is unlikely to act in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest.

41. Plaintiff is one of "the People" entitled to keep and bear arms under the Second Amendment of the United States Constitution.

42. Our Nation does not have a historical tradition of disarming people like Plaintiff.

43. On account of Plaintiff's unique personal circumstances, including, but not limited to, the non-violent and economic nature of his felony conviction, the passage of time since the conviction, Plaintiff's generally law-abiding record over the years, his trustworthiness with firearms, and the lack of danger that his possession of firearms would pose, it is unconstitutional to apply against Plaintiff, personally, the firearms prohibitions of N.J.S.A. 2C:58-3(a)(1), N.J.S.A. 2C:58-3(b), and N.J.S.A. 2C:58-3(c) on account of the non-violent and economic nature of his felony conviction under 18 U.S.C. § 1349.

**COUNT FOUR**
**CAUSE OF ACTION FOR DEPRIVATION OF CIVIL RIGHTS**
**AS TO THE STATE DEFENDANTS UNDER 42 U.S.C. § 1983**

44. The allegations of Paragraphs 1 through 43 are incorporated as though fully set forth herein.

13

45. The State Defendants, in their respective capacities as Attorney General and State Police Superintendent, have a statutory duty to enforce the criminal laws of the State of New Jersey, including the restrictions set forth in N.J.S.A. 2C:58-3(a)(1), N.J.S.A. 2C:58-3(b), and N.J.S.A. 2C:58-3(c), as alleged above, and they enforce and threaten to enforce those laws by virtue of their authority under the laws of the State of New Jersey. As such, each and every State Defendant acts under color of law within the meaning of 42 U.S.C. § 1983.

46. Upon information and belief, each and every State Defendant stands ready, willing, and able to enforce, and in fact actively enforces and threatens to enforce, N.J.S.A. 2C:58-3(a)(1), N.J.S.A. 2C:58-3(b), and N.J.S.A. 2C:58-3(c), including the restrictions set forth in those statutes that prohibit any person who has been convicted of a federal felony from obtaining a handgun purchase permit or firearms purchaser identification card. Each and every State Defendant presents an imminent threat of enforcement to Plaintiff. As such, each and every State Defendant acts to cause the deprivations complained of herein.

47. The challenged restrictions, which prohibit Plaintiff from obtaining a handgun purchase permit and firearms purchaser identification card, violate Plaintiff's right to bear arms as afforded by the Second Amendment of the Constitution of the United States. Plaintiff is one of "the People" entitled to keep and bear arms under the Second Amendment of the United States Constitution. The prohibitions complained of herein are presumptively unconstitutional, and there is no established historical tradition that can justify the restrictions. By the State Defendants directives, enforcement and threatening to enforce the challenged restrictions, thereby causing Plaintiff to refrain from exercising his Second Amendment rights and preventing Plaintiff from doing so, the State Defendants thus act to deprive Plaintiff of his Constitutional rights, privileges, and immunities, and, more specifically, his Second Amendment right to bear arms, in violation of

42 U.S.C. § 1983.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. Declaratory relief to the effect that, pursuant to 18 U.S.C. § 921(a)(20)(A) and 27 CFR § 478.1, the prohibitions of 18 U.S.C. §§ 922(g)(1) and 922(d)(1) and 27 CFR §§ 478.32(a)(1) and 478.124, do not apply to, and cannot be applied against, Plaintiff Eddie Durham on account of his 2012 non-violent and economic-related felony conviction under 18 U.S.C. § 1349;

2. An order preliminarily and/or permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive notice of the injunction from enforcing or applying 18 U.S.C. §§ 922(g)(1) and 922(d)(1) and 27 CFR §§ 478.32(a)(1) and 478.124 against Plaintiff Eddie Durham on account of his 2012 non-violent and economic-related felony conviction under 18 U.S.C. § 1349;

3. Declaratory relief to the effect that 18 U.S.C. §§ 922(g)(1) and 922(d)(1) and 27 C.F.R. §§ 478.32(a)(1) and 478.124 violates the right to bear arms secured by the Second and Fourteenth Amendments and/or is an unconstitutional taking protected by the Fifth and Fourteenth Amendments;

4. An order preliminarily and/or permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive notice of the injunction from enforcing or applying 18 U.S.C. §§ 922(g)(1) and 922(d)(1) and 27 CFR §§ 478.32(a)(1) and 478.124 against

       Plaintiff Eddie Durham on account of his 2012 non-violent and economic-related felony conviction under 18 U.S.C. § 1349;

5. Declaratory relief to the effect that N.J.S.A. 2C:58-3(a)(1), N.J.S.A. 2C:58-3(b), and N.J.S.A. 2C:58-3(c) violates Plaintiff's right to bear arms under the Second and Fourteenth Amendments and/or is an unconstitutional taking protected by the Fifth and Fourteenth Amendments;

6. An order preliminarily and/or permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive notice of the injunction from enforcing or applying N.J.S.A. 2C:58-3(a)(1), N.J.S.A. 2C:58-3(b), and N.J.S.A. 2C:58-3(c) against Plaintiff Eddie Durham on account of his 2012 non-violent and economic-related felony conviction under 18 U.S.C. § 1349;

7. Costs of suit;

8. Attorneys' fees and costs pursuant to 28 U.S.C. § 2412, 42 U.S.C. § 1988, and/or any other applicable law; and

9. Any other further relief as the Court deems just and appropriate.

       Respectfully Submitted,

       **FIELDS HOWELL LLP**
       Attorneys for Plaintiff

       By: */s/ Robert L. Lakind*
           Robert L. Lakind

Dated: September 17, 2024